UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FARID SULEMAN,                                  :
                                                :
                          Plaintiff,            :      No. 13 Civ. 6167 (JMF)
                                                :
            v.                                  :
                                                :
EDWARD R. BAZINET, et al.,                      :
                                                :
                          Defendants.           :
------------------------------------------------------------------x

## ANSWER OF DEFENDANTS
## EDWARD R. BAZINET,  PORT OF CALL AVIATION, LTD.,
## AND PORT OF CALL RESOURCES, LTD.

Defendants Edward R. Bazinet ("Mr. Bazinet"), Port of Call Aviation, Ltd. ("POC Aviation") and Port of Call Resources, Ltd. ("POC Resources")[1], by and through their undersigned attorneys, answer the Complaint of Plaintiff Farid Suleman ("Mr. Suleman") as follows:

## PRELIMINARY STATEMENT

1.      The first sentence of Paragraph 1 is a characterization of this action containing legal conclusions as to which no response is required.   Defendants deny the remaining allegations of Paragraph 1, except admit that the parties to this action entered into an agreement on or about July 1, 2010 (the "Agreement"), and respectfully refer the Court to the Agreement for its true and complete contents.

2.      Admit the allegations of Paragraph 2.

3.      Deny the allegations of Paragraph 3.

4.      Deny the allegations of Paragraph 4.

---

[1] POC Aviation and POC Resources are sometimes referred to herein as the "POC Entities."

## THE PARTIES

5.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.      Admit the allegations of Paragraph 6.

7.      Admit the allegations of Paragraph 7.

8.      Deny the allegations of Paragraph 8 because POC Resources has been dissolved, but state that before its dissolution, POC Resources was a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 60 Warren Street, Sixth Floor, New York, New York 10007.

9.      Admit the allegations of Paragraph 9.

## JURISDICTION AND VENUE

10.      Admit the allegations of Paragraph 10.

11.      Admit the allegations of Paragraph 11.

12.      In response to the allegations of Paragraph 12, admit that the Agreement contains a provision regarding arbitration at Section 13.2 and respectfully refer the Court to the Agreement for its true and complete contents, and admit that the parties have agreed to waive their rights under that provision.

## STATEMENT OF THE CASE

**A.      The Relationship Among the Parties**

13.      Deny the allegations of Paragraph 13, and respectfully refer the Court to the Agreement for its true and complete contents.

14.      Admit the allegations of Paragraph 14.

15.     Deny the allegations of Paragraph 15, except admit that the POC Entities were members of the referenced LLC, that Mr. Bazinet was President of each of the POC Entities, that any notices to be given to the POC Entities were to be given to Mr. Bazinet, and that Mr. Bazinet served as the Manager, President, Chief Executive Officer, Treasurer and Secretary of the LLC.

16.     Deny the allegations of Paragraph 16, and respectfully refer the Court to the Agreement for its true and complete contents.

17.     In response to allegations of Paragraph 17, respectfully refer the Court to the Agreement for its true and complete contents.

18.     Deny the characterization in the first sentence of Paragraph 18, but admit the allegations of the second and third sentences of Paragraph 18.

19.     Deny the allegations of Paragraph 19, except admit that Mr. Suleman and Mr. Bazinet entered into written addenda to the Agreement in 2010 and 2011, and respectfully refer the Court to the Agreement and the addenda for their true and complete contents.

**B.     <u>Negotiations</u>**

20.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     Deny the allegations of Paragraph 21.

22.     Deny the allegations of Paragraph 22.

23.     Deny the allegations of Paragraph 23.

24.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Deny the allegations of Paragraph 25.

26.     Deny the allegations of Paragraph 26.

27.     Deny the allegations of the first sentence of Paragraph 27, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

28.     Deny the allegations of Paragraph 28, except admit that at a closing on December 28, 2012, the lease termination was finalized and the aircraft was later returned to the custody of BAL Aviation.

29.     Deny the allegations of Paragraph 29, except admit that Mr. Bazinet and Mr. Suleman had a phone conversation in which Mr. Suleman requested payment for unused flight time and Mr. Bazinet rejected that request.

30.     Deny the allegations of Paragraph 30.

31.     Deny the allegations of Paragraph 31.

32.     Deny the allegations of Paragraph 32.

33.     Deny the allegations of Paragraph 33, and respectfully refer the Court to the Agreement for its true and complete contents.

**C.     Dissolution of Big Sky Aviation LLC**

34.     Deny the allegations of Paragraph 34, except admit that Big Sky Aviation LLC was dissolved in accordance with the provisions of the Agreement.

35.     In response to allegations of Paragraph 35, respectfully refer the Court to the Agreement for its true and complete contents.

36.     Deny the allegations of the first and third sentences of Paragraph 36, and admit the allegations of the second and fourth sentences of Paragraph 36.

37.     Deny the allegations of Paragraph 37.

## FIRST CLAIM FOR RELIEF

38.     Respond to the allegations re-alleged in Paragraph 38 in the same manner that they responded to those allegations originally.

39.     Paragraph 39 is a characterization of a legal claim as to which no response is required.

40.     Deny the allegations of Paragraph 40.

41.     Deny the allegations of Paragraph 41.

## SECOND CLAIM FOR RELIEF

42.     Respond to the allegations re-alleged in Paragraph 42 in the same manner that they responded to those allegations originally.

43.     Paragraph 43 is a characterization of a legal claim as to which no response is required.

44.     Deny the allegations of Paragraph 44.

45.     Deny the allegations of Paragraph 45.

46.     Deny the allegations of Paragraph 46.

47.     Deny the allegations of Paragraph 47.

## THIRD CLAIM FOR RELIEF

48.     Respond to the allegations re-alleged in Paragraph 48 in the same manner that they responded to those allegations originally.

49.     Paragraph 49 is a characterization of a legal claim as to which no response is required.

50.     Deny the allegations of Paragraph 50.

51.     In response to Paragraph 51, respectfully refer the Court to the Agreement for its true and complete contents.

52.     Deny the allegations of the first and third sentences of Paragraph 52, and admit the allegations of the second and fourth sentences of Paragraph 52.

53.     Deny the allegations of Paragraph 53.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Mr. Suleman's claims are barred, in whole or in part, by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

Mr. Suleman's claims are barred, in whole or in part, by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Mr. Suleman's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Mr. Suleman's claims are barred, in whole or in part, because of Mr. Suleman's breach of the Agreement, including, *inter alia*, breach of the covenant of good faith and fair dealing.

**SIXTH AFFIRMATIVE DEFENSE**

Mr. Suleman's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

**SEVENTH AFFIRMATIVE DEFENSE**

Mr. Suleman's fraud claim fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

Mr. Suleman's claims are barred, in whole or in part, because Mr. Bazinet did not owe a fiduciary duty to Mr. Suleman, but did owe a fiduciary duty to Big Sky Aviation LLC and acted in accordance with that duty.

## NINTH AFFIRMATIVE DEFENSE

Mr. Suleman's claims are barred, in whole or in part, because Defendants were subject to a confidentiality obligation to BAL Aviation with respect to negotiations between Defendants and BAL Aviation about lease termination.

## TENTH AFFIRMATIVE DEFENSE

Mr. Suleman's claims are barred, in whole or in part, because in accordance with the Agreement, any change, modification, or amendment to the terms of the Agreement had to be in writing and signed by all Members to be valid and binding.

## ELEVENTH AFFIRMATIVE DEFENSE

Mr. Suleman's claims are barred, in whole or in part, because the Complaint fails to plead facts showing that Mr. Suleman has suffered any cognizable damages as a result of any act or omission by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Mr. Suleman cannot recover against Defendants because the losses allegedly suffered by Mr. Suleman, if any, resulted from causes other than acts or omissions alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mr. Suleman cannot recover against Defendants because to the extent Mr. Suleman has been damaged, if at all, his failure to mitigate his damages bars recovery.

Defendants allege the above affirmative defenses without assuming the burden of proof where the burden of proof rests with Plaintiff.  Defendants hereby give notice that they have not knowingly or voluntarily waived any applicable affirmative defenses.  Defendants hereby reserve the right to assert, and rely upon, such additional affirmative defenses as may become available or apparent as discovery commences and progresses in this action, and hereby reserve the right to amend its Answer to assert any and all such defenses.

Dated:       New York, New York
             October 3, 2013

ZUCKERMAN SPAEDER LLP

/s/ Shawn P. Naunton
Shawn P. Naunton
1185 Avenue of the Americas, 31st Fl.
New York, New York 10036-4039
Telephone:  (212) 704-9600
Facsimile:  (212) 704-4256
Email: snaunton@zuckerman.com

- and -

GRAY, PLANT, MOOTY,
 MOOTY & BENNETT, P.A.
John L. Krenn[2]
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 632-3222
Facsimile:  (612) 632-4222
Email: jkrenn@gpmlaw.com

*Attorneys for Defendants*

---

[2] Application for admission *pro hac vice* is pending.