```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FARID SULEMAN,                                   :   Case No. 13 Civ. 6167 (JMF)
                                                 :
                        Plaintiff,               :
                                                 :
            v.                                   :   **CIVIL CASE**
                                                 :   **MANAGEMENT PLAN AND**
EDWARD R. BAZINET, et al.,                       :   **SCHEDULING ORDER**
                                                 :
                        Defendants.              :
-----------------------------------------------------------------x

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.   All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.   Settlement discussions have taken place.

3.   The parties have conferred pursuant to Fed. R. Civ. P. 26(f). Counsel have agreed on a schedule that calls for the close of all discovery not more than six (6) months from the date of the Notice of the Initial Pretrial Conference.

4.   Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

5.   Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than November 27, 2013.

6.   [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than N/A.

7.   Discovery

     a.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

     b.   All fact discovery shall be completed no later than March 10, 2014.

     c.   All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than March 10, 2014.

8.   Interim Discovery Deadlines

a. Initial requests for production of documents shall be served by <u>November 8, 2013</u>.

b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by <u>November 8, 2013</u>. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

d. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 7(b).

    i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

    ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

    iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

e. Requests to admit shall be served by <u>February 5, 2014</u>.

f. Any of the deadlines in paragraphs 8(a) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(b).

g. With respect to expert discovery, the parties agree as follows:

    a. By December 6, 2013, plaintiff will identify that topic(s) on which it will submit expert testimony.

    b. By January 15, 2014, plaintiff will serve its expert(s) report(s) on defendant, and shall produce all documentation relied on in arriving at the expert(s) opinion.

    c. By February 14, 2014, defendant will serve its expert(s)' report(s) on plaintiff, and shall produce all documentation relied on in arriving at the expert(s) opinion.

    d. Depositions of experts, if needed, will be completed by March 10, 2014.

9.  All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may, in accordance with the Court's Individual Rules and Practices in Civil Cases, file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter *must* include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must file a responsive letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Alternative dispute resolution/settlement
    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: N/A

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

       A settlement conference before Magistrate Judge Debra Freeman.

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case: .

       At the close of document production.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed

one (1) week after service of any opposition.

14.   Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15.   If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16.   Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17.   This case is to be tried to the Court.

18.   Counsel for the parties have conferred, and the present best estimate of the length of trial is two days.

19.   Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.  None.

Counsel for the Parties:

Dated:         November 1, 2013.


DEBEVOISE & PLIMPTON LLP                GRAY, PLANT, MOOTY,
                                          MOOTY & BENNETT, P.A.


_____/s/ Erich O. Grosz_____        _____/s/ John L. Krenn_____
Erich O. Grosz                          John L. Krenn
919 Third Avenue                        500 IDS Center
New York, New York 10022                80 South Eighth Street
Telephone:  (212) 909-6808              Minneapolis, Minnesota  55402
Facsimile:  (212) 909-6836              Telephone:  (612) 632-3222
Email:  eogrosz@debevoise.com           Facsimile:  (612) 632-4222
                                        Email: jkrenn@gpmlaw.com
                                        (Admitted pro hac vice)


ATTORNEYS FOR PLAINTIFF                 and
  FARID SULEMAN


                                        ZUCKERMAN SPAEDER LLP
                                        Shawn P. Naunton
                                        1540 Broadway, Suite 160
                                        New York, New York 10036-4039
                                        Telephone:  (212) 704-9600
                                        Facsimile:  (212) 704-4256
                                        Email: snaunton@zuckerman.com

                                        ATTORNEYS FOR DEFENDANT
                                          EDWARD R. BAZINET

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____shall file a motion for _____
no later than_____ . Any opposition is due_____weeks after the
filing of the motion. Any reply is due _____ week(s) after the filing of the opposition. At the time
any reply is due, the moving party shall supply one courtesy hard copy of all motion papers by
mail or hand delivery to the Court.

     The parties must contact the chambers of the Magistrate Judge designated to this case on
or before _____in order to schedule settlement discussions under his/her
supervision in or about _____ .

     The next pretrial conference is scheduled for ____March 11, 2014____ at
___3 p.m.____ in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street,
New York, New York 10007.

09/03/2013 Version

              By
**Thursday of the week prior to that conference**, the parties shall file on ECF a joint
letter, not to exceed three (3) pages, regarding the status of the case. The letter should include
the following information in separate paragraphs:

(1)  A statement of all existing deadlines, due dates, and/or cut-off dates;

(2)  A brief description of any outstanding motions;

(3)  A brief description of the status of discovery and of any additional discovery that needs
to be completed;

(4)  A list of all prior settlement discussions, including the date, the parties involved, and the
approximate duration of such discussions, if any;

(5)  A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6)  A statement of whether the parties anticipate filing motions for summary judgment; and

(7)  Any other issue that the parties would like to address at the pretrial conference or any
information that the parties believe may assist the Court in advancing the case to
settlement or trial.

     This Order may not be modified or the dates herein extended, except by further Order of
this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement
negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery
simultaneously. Parties should not assume that they will receive an extension of an existing
deadline if settlement negotiations fail. Any application to modify or extend the dates herein
(except as provided in paragraph 8(f)) shall be made in a written application in accordance with
Court's Individual Rules and Practices and shall be made no fewer than two (2) business days prior
to the expiration of the date sought to be extended. Absent exceptional circumstances,

6

extensions will not be granted after deadlines have already passed.

SO ORDERED.

_____
JESSE M. FURMAN
United States District Judge

Dated: November 22, 2013
New York, New York

GP:3533374 v1